UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



RECEIVED & FILED
1999 DEC 29 PM 1: 37
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

**ROXALIZ COTTO SANCHEZ et al**

Plaintiffs

v.                                                    CASE NUMBER: 97-1369(DRD)

**MUNICIPALITY OF CAROLINA et al**

Defendants

v.

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**

Third Party Defendant

## ORDER

On November 30, 1999, the Court approved the parties' settlement agreement and stipulation for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(ii), dismissed all claims by Plaintiffs against Defendants and all claims by Defendants-Third Party Plaintiffs against Third Party Plaintiffs with prejudice and without imposition of costs, expenses or attorneys fees; ordered Defendants to deposit the amounts agreed upon with the Clerk of the Court, and granted Roxaliz Cotto Sánchez twenty (20) days to file all necessary documents and pleadings in order for the Court to authorize payment of the deposited amounts to her minor son, Kenneth Lugo Cotto, Social Security number 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. Roxaliz Cotto Sánchez has duly complied with the Court's Order and has filed a "motion requesting judicial authorization for approval of settlement and distribution of settlement funds on behalf of minor and for fixing of reasonable attorney's fees". (Docket No. 32). Accompanying said motion is a signed declaration where Roxaliz Sánchez Cotto states that the agreed upon amounts are extremely reasonable, just, adequate and convenient considering the facts of the case and that the amount corresponding to attorney's fees is reasonable, adequate, just and convenient. Also accompanying the aforementioned motion is an affidavit by Plaintiffs' attorney, Mr. Howard Charles, declaring that the agreed upon amount is just compensation for Plaintiffs' claims and that, considering the time, effort and resources invested by counsel in this case, twenty five percent of the agreed upon amount is a fair and just amount for attorney's fees.

Minor Kenneth Lugo Cotto and his mother, Roxaliz Sánchez Cotto, are not residents of

N:\97-1369B.VOL

Puerto Rico. Accordingly, Puerto Rico's requirements for approval of a settlement agreement involving a minor's rights are inapplicable in this case. See Green Giant Co. v. Tribunal Superior, 104 D.P.R. 489 (1975) (Puerto Rico's laws do not have extraterritorial effect).

The Court has considered Roxaliz Cotto Sánchez's declaration, mother with patria potestas of the minor Kenneth Lugo Cotto, and plaintiff counsel's affidavit on the settlement agreement. The mother of the minor, as well as his counsel, have expressed their concurrence that the settlement agreement is in the best interest of the minor. The Court, after due and careful consideration of the settlement agreement and the affidavits on file, is satisfied that the settlement agreement is in the best interest of the minor. Further, upon the mother's consent of awarding attorney's fees in the amount of $17,500.00 for attorney Howard Charles' representation of the minor in the civil proceedings plus $240.00 in costs, the Court hereby approves $17,740.00 in attorney's fees and costs.

Therefore, it is **ORDERED** that the settlement agreement is approved; and that the claim of the minor Kenneth Lugo Cotto be settled for the amount of $70,000.00, that attorney's fees are approved in the amount of $17,500.00 together with costs for the amount of $240.00.

It is further **ORDERED** that if Defendants have not yet done so, Defendants deposit with the Clerk of the Court a certified check for the minor in the sum of $52,260.00 in full settlement of the claims of Kenneth Lugo Cotto. The Clerk of the Court shall deposit or invest the balance of $52,260.00 for the benefit of the minor in an interest bearing account or instrument at the highest rate possible in his favor and will remain there until he reaches 21 years of age or until this Court otherwise disposes.

IT IS ORDERED.

Date: December 28, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\97-1369B.VOL